IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LISA KAYE BLAKE                                                    PLAINTIFF

vs.                          Civil No. 6:17-cv-06017

NANCY A. BERRYHILL                                                DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Lisa Kaye Blake ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her application for

Disability Insurance Benefits ("DIB") under Title II of the Act.  The parties have consented to the

jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including

conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment

proceedings.  ECF No. 6.[1]  Pursuant to this authority, the Court issues this memorandum opinion

and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's application for DIB was filed on January 17, 2014.  (Tr. 11).  Plaintiff alleged she

was disabled due to fibromyalgia with pain in her back, neck, and hips, bone spurs in her feet,

migraine headaches, anxiety, Vitamin B-12 deficiency, high blood pressure problems, right shoulder

tendonitis, loss of strength in her hands, and some memory problems.  (Tr. 52-65, 166, 357, 583).

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___"  The transcript pages for
this case are referenced by the designation "Tr."

1

Plaintiff alleged an onset date of November 25, 2013. (Tr. 166). This application was denied initially and again upon reconsideration. (Tr. 11). Thereafter, Plaintiff requested an administrative hearing on her application and this hearing request was granted. (Tr. 101).

Plaintiff's administrative hearing was held on September 9, 2015. (Tr. 37-69). Plaintiff was present and was represented by counsel, John Howard, at the hearing. *Id.* Plaintiff and Vocational Expert ("VE") Dianne Smith testified at the hearings. *Id.* At the time of the hearing, Plaintiff was fifty (50) years old and had a high school education with some college. (Tr. 41, 46).

On October 20, 2015, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 11-20). In this decision, the ALJ determined the Plaintiff met the insured status requirements of the Act through December 31, 2018. (Tr. 13, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 25, 2013. (Tr. 13, Finding 2).

The ALJ determined Plaintiff had the severe impairments of fibromyalgia, joint pain, bone spurs in her feet, and status post shoulder surgery. (Tr. 13, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 15-18). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform sedentary work except could stand for no more than 30 minutes at a time; only occasionally climb, stoop, crouch, kneel, crawl, and reach overhead with her right arm; and no balancing or work around unrestricted heights, ladders, or scaffolding. (Tr. 15, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 18, Finding 6). The ALJ found Plaintiff was capable of performing her PRW as an administrative assistant. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from November 25, 2013, through the date of the decision. (Tr. 19, Finding 7).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 34). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-7). On January 30, 2017, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 14, 2017. ECF No. 6. Both Parties have filed appeal briefs. ECF Nos. 19, 22. This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred: (A) in the RFC determination, (B) in the credibility analysis, (C) in the Step 5 determination, and (D) new evidence supports a finding of disabled. ECF No. 19, Pgs. 13-17. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 22.

**A. RFC**

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform sedentary work

except could stand for no more than 30 minutes at a time; only occasionally climb, stoop, crouch, kneel, crawl, and reach overhead with her right arm; and no balancing or work around unrestricted heights, ladders, or scaffolding. (Tr. 15, Finding 5). Plaintiff argues the ALJ erred in this RFC determination. ECF No. 19, Pgs. 13-15. However, substantial evidence supports the ALJ's RFC determination.

On May 23, 2012, Plaintiff underwent lipoma excision. (Tr. 244). Following this, Plaintiff indicated she had significant improvement in her back pain. (Tr. 247). In February 2013, Plaintiff was seen by Dr. Thomas Hart. (Tr. 253). Dr. Hart indicated a lumbar MRI showed minimal bulging at L4-5, was consistent for her age, and he recommended Plaintiff continue to exercise and work *Id.* Dr. Melody St. John and Dr. Jennifer McCallum both recommended Plaintiff continue to exercise for her complaints of fibromyalgia. (Tr. 547, 611).

Plaintiff also argues the ALJ erred in the RFC determination by failing to consider her impairments in combination with others. The Social Security Act requires the ALJ to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See* 20 C.F.R. § 404.1523 (2006).

In the present action, in reviewing these claimed impairments, the ALJ stated Plaintiff "does not have an impairment or *combination* of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (Tr. 15, Finding 4) (emphasis added). The ALJ also found, "after consideration of the entire record," the Plaintiff had the RFC to perform sedentary work with some limitations. (Tr. 15, Finding 5). The ALJ went on to state Plaintiff's RFC would not preclude her from performing her PRW as an administrative assistant. (Tr. 18, Finding 6).

These statements are sufficient under Eighth Circuit precedent to establish that the ALJ

properly considered the combined effect of a claimant's impairments. *See Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (holding that statements such as "the evidence *as a whole* does not show that the claimant's *symptoms* . . . preclude his past work as a janitor" and "[t]he claimant's *impairments* do not prevent him from performing janitorial work . . ." sufficiently establish that the ALJ properly considered the combined effects of the plaintiff's impairments).

The ALJ's opinion sufficiently indicates the ALJ properly considered the combined effect of Plaintiff's impairments, and the ALJ properly considered the severity of the combination of Plaintiff's impairments. *See Hajek,* 30 F.3d at 92.

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination. Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### B. ALJ's Credibility Determination

Plaintiff claims the ALJ erred in her credibility determination. ECF No. 19, Pgs. 15. In response, Defendant argues the ALJ properly evaluated and discredited Plaintiff's subjective complaints pursuant to the directives of *Polaski*. ECF No. 22.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.   *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in assessing her credibility as it related to the limiting effects of her impairments and did not fully consider her subjective complaints.  The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's

subjective complaints. In his opinion, the ALJ addressed the factors from *Polaski*, 20 C.F.R. § 404.1529, and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 16-18). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Plaintiff's described activities of daily living inconsistent with the record, (3) No physician has placed a level of limitation on Plaintiff's activities comparable to those described by Plaintiff, (4) medical treatment history, (5) Plaintiff denied medication side effects, and (6) Plaintiff's work history despite impairments. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff complaints of pain.

## C. Step 5 Determination

At Step Five of a disability determination, the SSA has the burden of establishing that a claimant retains the ability to perform other work in the economy. *See Snead v. Barnhart*, 360 F.3d 838, 836 (8th Cir. 2004). The SSA may meet this burden by either applying the Grids or by relying upon the testimony of a VE. *See Cox v. Astrue*, 495 F.3d 614, 621 (8th Cir. 2004) (finding the SSA's denial of benefits was supported by substantial evidence where the VE's testimony was based on a correctly-phrased hypothetical question); *Patrick v. Barnhart*, 323 F.3d 592, 596 (8th Cir. 2003) (finding the SSA's denial of benefits was supported by substantial evidence where the ALJ applied the Grids).

The SSA may not apply the Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a nonexertional limitation. *See McGeorge v. Barnhart*, 321 F.3d 766, 768-769 (8th Cir. 2003). If, however, the SSA properly determines a claimant's RFC is not significantly diminished by a nonexertional limitation, then the SSA may rely exclusively upon the Grids

and is not required to hear the testimony from a VE. *See McGeorge*, 321 F.3d at 768-769. In this matter, the ALJ heard testimony from a VE regarding Plaintiff's ability to perform her past relevant work. It is generally accepted that VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision. *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992). It has further been established the ALJ must only include in the hypothetical those impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence. *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

The ALJ found Plaintiff had the RFC for sedentary work with some limitations. (Tr. 15, Finding 5). In response to a hypothetical question containing these limitations, the VE testified Plaintiff was capable of performing her PRW. (Tr. 65-67). Relying on the VE testimony, the ALJ found Plaintiff was not under a disability as defined by the Act. (Tr. 19, Finding 7).

I find the ALJ's hypothetical question properly set forth those limitations the ALJ found credible and which are supported by the evidence of record. *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994); *Rappoport v. Sullivan*, 942 F.2d 1320, 1322 (8th Cir. 1991) (ALJ need only include in his hypothetical question those impairments he accepts as true).

### D. Additional Evidence

Plaintiff also requests a remand so the ALJ may consider additional evidence which includes MRI exams of her cervical exam from November 17, 2015 and August 26, 2016 and lumbar spine of February 4, 2016. ECF No. 19. Pg. 16-17. Plaintiff claims these records could have made a substantial difference in the ALJ's findings. *Id.*

Pursuant to 42 U.S.C. § 405(g) (2010), this Court is permitted to "at any time order additional evidence to be taken before the Commissioner" upon a "showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record

in a prior proceeding." Specifically, to be entitled to a remand, there must be (1) a showing that there is new evidence, (2) a showing that the evidence is material, and (3) a showing of good cause for Plaintiff's failure to incorporate the evidence into the record. *Id.* All three of these requirements must be met for a claimant to be entitled to a remand. *Id.*

This Court has reviewed the documents submitted by Plaintiff. ECF No. 18. Based upon this review, even assuming the evidence is "new" and a showing of "good cause" has been made, Plaintiff is still not entitled to a remand because there has been no showing that this document is "material" to the ALJ's determination of disability. Indeed, for evidence to be considered "material," it must be relevant and probative of the claimant's condition for the time period for which benefits were denied. *See Krogmeier v. Barnhart,* 294 F.3d 1019, 1025 (8th Cir. 2002). In the present action, the ALJ's disability determination was on October 20, 2015. (Tr. 11-20). These documents, submitted by Plaintiff, are well after the ALJ decision. Thus, based upon this Court's review, the documents are not from the "time period for which benefits were denied," and, accordingly, Plaintiff has not established these documents are "material."

### 4. <u>Conclusion:</u>

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **18th day of January 2018.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE